IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL RIGGS,

    Plaintiff,

v.                                                                CV 18-00485 JHR/KK

RAY BACA, Deputy Director, New Mexico
Livestock Board; P. ROBERT ALEXANDER,
Executive Director, New Mexico Livestock Board;
NEW MEXICO LIVESTOCK BOARD; and
BERNADETTE TORR, State Personnel Office,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff's Opposed Motion to File Third Amended Complaint* [Doc. 54], filed July 30, 2019. The Court, having considered the parties' submissions and relevant law, will deny Plaintiff's Motion.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from events related to Plaintiff's employment with Defendant NMLB [Doc. 18]. Plaintiff filed her initial Complaint in this matter on May 24, 2018. [Doc. 1]. In her initial Complaint, Plaintiff alleged that after being promoted from Livestock Inspector II to Area Supervisor in July 2015, she was not compensated at a rate comparable to her male counterparts and that Defendant Baca (Plaintiff's immediate supervisor) and Defendant Alexander (Executive Director of the NMLB) otherwise discriminated against her on the basis of gender in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. [Doc. 18, ¶¶ 6-7, 19, 26-35, 45-133]. Plaintiff also alleged that Defendants Baca and Alexander retaliated against her for seeking redress of her grievances for the alleged disparate pay and treatment, and

for raising concerns regarding statutory and regulatory violations she believed they were committing in violation of New Mexico's Whistleblower Protection Act, NMSA 1978, Sections 10-16c-1 to -6 (2010) ("WPA"). [Doc. 1, ¶¶ 134-156]. Plaintiff further alleged that Defendant NMLB was or should have been aware of the discrimination and retaliation to which she was subjected by Defendants Baca and Alexander and that it, through its officers and directors, adopted policies, practices, or decisions that subjected her to such discrimination and retaliation. [Doc. 1, ¶¶ 157-165]. Finally, Plaintiff alleged that Defendant Torr violated New Mexico's Inspection of Public Records Act, NMSA 1978, Sections 14-2-1 to -12 (1947, as amended through 2011) ("IPRA") by failing to provide copies of records or documents related to an investigation that resulted in a letter of reprimand and placement of Plaintiff on administrative leave. [Doc. 1, ¶¶ 166-186].

On June 20, 2018, Plaintiff filed an Amended Complaint [Doc. 13], as a matter of course. *See* Fed. R. Civ. P. 15 (providing that a party may amend its pleading once as a matter of course within "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Plaintiff's First Amended Complaint included additional factual allegations not contained in Plaintiff's initial Complaint but did not add or subtract claims. [*See generally* Doc. 13].

Plaintiff filed a *Notice of Stipulation to File Second Amended Complaint* on June 29, 2018. [Doc. 14]. The Court granted leave to amend and Plaintiff filed her Second Amended Complaint on July 11, 2018 [Doc. 17; Doc. 18]. The Second Amended Complaint included a new First Amendment claim based on the gender discrimination and retaliation previously alleged. [Doc. 18, ¶¶ 155-176].

On July 25, 2018, Defendants Alexander, NMLB, and Torr filed separate motions to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as a motion to stay the proceedings pending resolution of the dispositive motions. [Doc. 26; Doc. 28; Doc. 30; Doc. 33]. On September 18, 2018, the Court granted the motion to stay pending its decision on the dispositive motions. [Doc. 33]. After consideration of the parties submissions, the Court entered a Memorandum Opinion and Order granting the dispositive motions finding that: (1) Plaintiff's First and Fourteenth Amendment claims against Defendants Alexander and NMLB, brought pursuant to 42 U.S.C. § 1983 (2012), were not sufficiently pled; (2) Plaintiff's WPA claims against Defendant Alexander were not sufficiently pled; and (3) Plaintiff's WPA claims against Defendant Alexander and IPRA claim against Defendant Bernadette Torr were barred by the immunity provided under the Eleventh Amendment of the United States Constitution. [Doc. 51, pp. 4-5, 9, 11, 13-14]. All claims against Defendants Alexander, NMLB, and Torr were dismissed. [*Id.*, p. 17]. The stay was lifted on July 24, 2019. [Doc. 53].

Plaintiff now seeks leave to file a Third Amended Complaint. The proposed amendment submitted with Plaintiff's Motion includes the following: (1) a § 1983 claim against Defendant Baca for alleged Fourteenth Amendment violations; (2) a § 1983 claim against Defendants[1] for alleged First Amendment violations; (3) § 1983 claims against Defendant Baca for alleged violations of the WPA; and a new civil rights conspiracy claim against Defendants Alexander, Baca, and NMLB, pursuant to 42 U.S.C. § 1985(3) (2012). [Doc. 54].[2]

---

[1] Although the Court's March 22, 2019 Memorandum Opinion and Order dismissed Plaintiff's First Amendment claims against Defendants Alexander and NMLB, the First Amendment claim, asserted in the proposed amendment before the Court does not reflect this. The claim is asserted against all "Defendants" exactly as it was in Plaintiff's Second Amended Complaint. [Doc. 18, pp. 20-23; Doc. 54-1, pp. 22-25].

[2] While Plaintiff asserts that the purpose of the proposed amendment is to "correct a deficiency in the pleading and add a 42 U.S.C. § 1985 claim," [Doc. 54, p. 2], a review of the proposed Third Amended Complaint reveals nothing that can be characterized as a correction of a deficiency in Plaintiff's Second Amended Complaint. The only differences between Plaintiff's Second Amended Complaint and proposed Third Amended Complaint are (1) the

In her Reply in support of the instant Motion, Plaintiff concedes that her § 1985 claims against Defendants Alexander (in his official capacity) and NMLB as well as her WPA claims against Defendants Alexander, Baca, and NMLB are barred by Eleventh Amendment Immunity. [*Id.*, p. 1]. Accordingly, Plaintiff withdraws these claims from her proposed amendment. [*Id.*, p. 2].[3]

## II. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party "may amend its pleading once as a matter of course within…21 days after serving the pleading." Fed. R. Civ. P. 15. Where "the pleading is one to which a responsive pleading is required," it may be amended within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the district court. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204.

---

omission of the claims against Defendants Alexander, NMLB, and Torr, previously dismissed by the Court's March 22, 2019 Memorandum Opinion and Order (except as noted above) and (2) the addition of a claim against Defendants Alexander and NMLB under § 1985. [*See generally* Doc. 54-1]. To the extent Plaintiff implies that the addition of a new claim constitutes a correction of a deficiency in the prior pleading, she is incorrect. *See Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (unpublished) (recognizing a pleading's failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure as a "deficiency" or "defect" in the pleading and using the terms "deficiency" and "defect" interchangeably); Black's Law Dictionary (11th ed. 2019) (defining a "defective pleading" as a "pleading that fails to meet minimum standards of sufficiency or accuracy in form or substance."); *Running Foxes Petroleum, Inc. v. Nighthawk Prod. LLC*, No. 14-CV-01466-MSK-MJW, 2015 WL 12967851, at *1-2 (D. Colo. Sept. 8, 2015) (unpublished) (distinguishing between curing pleading deficiencies and adding new claims).

[3] It is not clear whether Plaintiff intends to withdraw these claims from the Second Amended Complaint or whether this "withdrawal" applies only to the proposed amendment.

Accordingly, leave to amend should be granted where the amendment will yield a meritorious claim. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). A court may deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d at 1365.

In the present case, Defendants Alexander, Baca, and NMLB oppose Plaintiff's request for leave to file a Third Amended Complaint on the bases of undue delay and futility. [Doc. 57, PP. 2-13; Doc. 58, pp. 2-4].

### III. ANALYSIS

#### A. Denial of Leave to Amend is Appropriate on the Basis of Undue Delay

"While Rule 15(a) provides that leave to amend shall be freely given when justice so requires, if there has been undue delay on the part of the plaintiff in raising the claim, the district court may properly deny the motion as untimely." *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (internal quotation marks and citation omitted). The Tenth Circuit has held that in determining whether a newly raised claim is untimely under Rule 15(a), the primary focus is on the reasons for the delay. *See id.*; *Minter,* 451 F.3d at 1206.

Denial of leave to amend is appropriate when the party seeking to amend provides no adequate explanation for the delay. *See id.*; *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."). This is especially true where the party seeking leave to amend could have included the facts and/or claims contained in the its original pleading or subsequent amendments but failed to do so. *See Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405 (10th Cir. 1984); *see also Pallottino v.*

*City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming the denial of leave to amend where the proposed amendment "was not based on new evidence unavailable at the time of the original filing"); *see e.g. Leatherwood v. Rios*, 705 F. App'x 735, 740 (10th Cir. 2017) (unpublished) (affirming denial of the plaintiff's motion to file a third amended complaint because the plaintiff "knew or should have known of the facts upon which the proposed amendment [wa]s based but failed to include them in his original or first amended complaint.").

Denial of leave to amend is also appropriate where it appears "that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising [an] issue until the eve of trial." *Minter,* 451 F.3d at 1206 (alterations in original) (internal quotation marks and citation omitted)); *see United States v. Burbage*, 280 Fed. Appx. 777, 783 (10th Cir. 2008) (unpublished) (recognizing that Tenth Circuit does not favor permitting party to attempt "to salvage a lost case" by untimely amendment, especially after trial judge has ruled adversely); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998) (same). The liberal amendment policy of Rule 15(a) "does not envision a new amendment each time the Court dismisses a party or claim." *Gutierrez v. Cobos*, No. 12-cv-980, 2014 WL 12684475, at *6 (D.N.M. Sept. 23, 2014) (unpublished) (internal quotation marks and citation omitted).

Here, the alleged conduct upon which Plaintiff bases her proposed § 1985 claim for conspiracy to commit gender discrimination is the same alleged conduct upon which Plaintiff based her initial gender discrimination claims. [*Compare* Doc. 13, ¶¶ 9-62; Doc. 18, ¶¶ 10-64; Doc. 54-1, ¶¶ 9-63]. In her initial Complaint and each of her two subsequent amendments, Plaintiff included between approximately one hundred forty-four and one hundred eighty-seven paragraphs

detailing specific instances of alleged conduct upon which her gender discrimination and retaliation claims were based.[4] [Doc. 1, ¶¶ 9-44, 48-133, 137-156, 160-165; Doc. 13, ¶¶ 9-62, 65-152, 156-177, 181-186; Doc. 18, ¶¶ 10-64, 68-154; 156-171, 175-176, 180-201, 205-210]. These facts, except those only relevant to dismissed claims, are reiterated, largely verbatim, in Plaintiff's proposed amendment. [Doc. 54-1, ¶¶ 9-63, 67-153, 155-175, 179-200].

Specific to her claim that Defendants Alexander, Baca and NMLB conspired to deprive her of right to be compensated at a rate comparable to her male counterparts, Plaintiff alleges that Defendants Alexander, Baca and NMLB: (1) were aware of long-standing violations of equal protection by Defendant NMLB's managing officers [*Id.*, ¶ 205]; (2) were or should have been aware that Plaintiff was underpaid because of her gender [*Id.*]; (3) were aware or should have been aware that when Plaintiff applied for a supervisor position Defendant Baca strongly advocated for hiring another candidate, who was male [*Id.*]; (4) were or should been aware that Plaintiff was entitled to and pursued pay comparable to her male counterparts [*Id.*, ¶ 206]. Each of these allegations appears in Plaintiff's previous pleadings. [*Compare* Doc. 1, ¶¶ 24, 60, 139, 160-165; Doc. 13, ¶¶ 24, 78, 158, 181-186; Doc. 18, ¶¶ 26, 80, 182, 205-210; Doc. 54-1, ¶¶ 205-210].

Plaintiff further contends that Defendants Alexander and Baca conspired (1) to "chill and intimidate" Plaintiff to prevent her from disclosing their alleged misconduct and (2) to deprive Plaintiff of equal protection of the law by "engaging in discriminator animus, discriminating against [Plaintiff] due to her gender." [Doc. 54-1, ¶¶ 209-201]. However, these conclusory statements are not supported by any specific factual allegations. [*Id.*].

---

[4] In support of her gender discrimination and retaliation claims, Plaintiff's initial Complaint, First Amended Complaint, and Second Amended Complaint contained approximately one hundred forty-four paragraphs, one hundred eight-seven paragraphs, and one hundred eight-four paragraphs of detailed factual allegations, respectively.

The § 1985 conspiracy claim Plaintiff now seeks to add is based entirely on facts known to Plaintiff when she filed her initial Complaint. Nonetheless, Plaintiff did not include the claim in her initial Complaint or either of the subsequent amendments. [*See generally* Doc. 1; Doc. 13; Doc. 18]. Rather, Plaintiff waited until after dispositive motions were granted to seek leave to add the claim. [Doc. 51; Doc. 54]. Because Plaintiff offers no reason for this delay,[5] her Motion is subject to denial. *See Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185 (recognizing that a motion to amend is subject to denial where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, where the party had sufficient opportunity to state a claim and failed, or where the request to amend was unduly and inexplicably delayed); *see also Minter,* 451 F.3d at 1206 (stating that denial of leave to amend is appropriate where it appears that the plaintiff is using the proposed amendment "to make the complaint a moving target" or "to salvage a lost case by untimely suggestion of new theories of recovery.").

Plaintiff opposes a finding of undue delay, arguing that any delay in asserting a § 1985 claim was minor and not attributable to Plaintiff. [Doc. 60, pp. 1-2]. This argument is unavailing. The delay between the filing of Plaintiff's initial Complaint and her proposed amendment was approximately fourteen months. [Doc. 1; Doc. 54]. For approximately six of those fourteen months

---

[5] To the extent that Plaintiff implies that the omission of her proposed § 1985 claim is attributable to her prior counsel [Doc. 60, p. 2], such inference is not persuasive. Although Plaintiff's prior counsel withdrew on February 6, 2019 [Doc. 50], she and Plaintiff's current counsel were law partners at the time Plaintiff's initial Complaint was filed and were both named counsel at the filing of the initial Complaint. [Doc. 1, p. 25]. Accordingly, Plaintiff's current counsel has been involved in the case since its inception and is equally responsible for the promptness and diligence with which this case has been litigated as Plaintiff's prior counsel. *See* D.N.M. LR-Civ. 83.9 (providing that the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico shall apply to proceedings in the United States District Court for the District of New Mexico except as otherwise provided by local rule or by Court order); Rule 16-103 NMRA (providing that "[a] lawyer shall act with reasonable diligence and promptness in representing a client.").

the proceedings in the case were stayed pending the resolution of Defendants' dispositive motions.[6] [Doc. 49; Doc. 51]. Accordingly, Plaintiff had approximately eight months during which this case was not stayed to assert a § 1985 claim. Yet, Plaintiff did not include the claim in her initial Complaint or subsequent amendments, despite having knowledge of the facts now asserted as the basis for the claim.

As previously discussed, the undue delay analysis turns on the reason for the delay in seeking a proposed amendment. *See Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185. Because Plaintiff has not given any reason for the untimely assertion of her § 1985 claim, leave to amend is properly denied on that basis alone. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 2745, 204 L. Ed. 2d 1134 (2019) (Acknowledging that the Tenth Circuit has "repeatedly held that, untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay." (internal quotation marks and citation omitted).

**B. Denial of Leave to Amend is Appropriate on the Basis of Futility**

"While Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment

---

[6] The Court granted Defendants' motion to stay proceedings pending the disposition of their dispositive motions on September 13, 2018. [Doc. 49]. The Court ruled on Defendants' dispositive motions on March 22, 2019. [Doc. 51]. Thus, the stay was terminated on that date. In July 2019, the Court noted that the case was still flagged as "stayed" in the Court's electronic filing system (CMECF) and entered an Order lifting the stay to trigger the case status in CMECF to be updated. [Doc. 53]. To the extent that Plaintiff relied on the CMECF case flag rather than the Court's September 13, 2018 Order to determine the status of the case, such reliance was misplaced. The Court's September 13, 2018 Order was clear that the stay of proceedings was granted pending resolution of Defendants' dispositive motions, which occurred on March 22, 2019. [Doc. 49; Doc. 51].

would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999).

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the complaint "must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1200 (10th Cir. 2007) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, a pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted).

Defendants Alexander and NMLB argue that Plaintiff's proposed amendment is futile because it fails to state a viable conspiracy claim under § 1985(3). [Doc. 57, pp. 11-13]. The elements of a § 1985(3) claim are: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Plaintiff's proposed amendment fails on the first element.

A federal conspiracy action brought under § 1985 "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). To adequately plead a § 1985 conspiracy, a plaintiff must "allege specific facts showing an agreement and concerted action amongst the defendants." *Id.* (internal quotation marks omitted); *see Patillo v. Larned State Hosp.*, 462 Fed. Appx. 780, 783 (10th Cir. 2012)

(unpublished). The plaintiff must "describe particular misconduct warranting imposition of liability." *Patillo*, 462 Fed. Appx. at 783. The complaint must do more than suggest the possibility of a conspiracy; it must show plausibility by alleging facts sufficient "to raise a right to relief above the speculative level." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Here, Plaintiff has not alleged facts, which if true, would show a plausible agreement or concerted action amongst the defendants to deprive Plaintiff of compensation comparable to that of her male counterparts. Even if true, Plaintiff's allegations that Defendants Alexander, Baca, and NMLB knew she was underpaid because of her gender and that Defendant Baca advocated for a male candidate instead of Plaintiff for the supervisor position for which Plaintiff was ultimately hired, would not establish that two or more of the defendants agreed, acted in concert, or shared a conspiratorial objective to discriminate against her. *See Brooks*, 614 F.3d at 1228 ("[A]n allegation of parallel action—or inaction…—does not necessarily indicate an agreement to act in concert." (alteration in original) (internal quotation marks and citation omitted)).

Plaintiff's vague and conclusory allegations that Defendants Alexander and Baca conspired to intimidate her and discriminate against her based on gender lack sufficient factual detail to meet the plausibility standard to survive a motion to dismiss under Rule 12(b)(6). *Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."); *see Patillo*, 462 Fed. Appx. at 784 (recognizing that conclusory allegations of conspiracy, without supporting factual detail, are "plainly inadequate" to state a claim under § 1985); *Hamby v. Assoc'd Ctrs. for Therapy*, 230 Fed. Appx. 772, 787 (10th Cir. 2007) (unpublished) ("[A] plaintiff must bring forth more than mere conclusory allegations to establish a claim under § 1985." (internal quotation marks and citation omitted)). While Plaintiff argues that she has "supplied several non-conclusory

factual allegations supporting her claims," she does not identify which of the allegations in her proposed amendment include facts sufficient to support her conspiracy claim beyond a speculative level. *See Robbins*, 519 F.3d at 1247.

Accordingly, Plaintiff's proposed amendment would not survive a dispositive motion, and leave to amend should be denied on the basis of futility.[7] *See Watson*, 242 F.3d at 1239-40; *Gohier*, 186 F.3d 1216 at 1218.

## IV. ORDER

For the foregoing reasons, *Plaintiff's Opposed Motion to Filed Third Amended Complaint* [Doc. 54] is DENIED.

IT IS SO ORDERED.

                                                    _____
                                                    JERRY H. RITTER
                                                    UNITED STATES MAGISTRATE JUDGE
                                                    Presiding by Consent

---

[7] Because Plaintiff's proposed amendment does not allege facts sufficient to support a § 1985 conspiracy claim, the Court need not address the assertions of Defendants Alexander, Baca, and NMLB that the proposed amendment is also futile because they would be entitled to qualified immunity. [Doc. 57, pp. 8-11; Doc. 60, pp. 3-4]; *see Schnebelen v. Porter,* 434 F. App'x 765, 766 (10th Cir.2011) (unpublished) (upholding district court's grant of summary judgment and finding that there was no need to reach the issue of qualified immunity where dismissal was appropriate on other grounds); (*Allen Oil & Gas, LLC v. Klish*, 113 F. App'x 869, 870 (10th Cir. 2004) (unpublished) (recognizing that where dismissal was appropriate for failure to state a claim, the Court need not address the issue of qualified immunity); *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996) (declining to address qualified immunity, having concluded that dismissal was appropriate on alternative grounds).